UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHER SNEIDER,
           Plaintiff,

v.                                                           Case No. 12-C-1217

COUNTY OF WAUKESHA and
CITY OF PEWAUKEE,
           Defendants.

## DECISION AND ORDER

The defendants in this case filed motions for summary judgment on April 7, 2014. The plaintiff's response to these motions were due within thirty days. On May 5, 2014, shortly before the plaintiff's response was due, plaintiff's counsel filed an "emergency" motion for a 30-day extension of time. Plaintiff's counsel stated that the reason an extension was needed was her being placed on emergency medical leave for at least two weeks. The defendants did not oppose the motion for an extension, and for that reason I granted it, making the plaintiff's response due June 9, 2014. On June 9, plaintiff's counsel filed a second emergency motion for an extension of time, this time asking until June 24, 2014 to file the plaintiff's response. In this motion, plaintiff's counsel stated that she had returned from medical leave on June 2 but would be unable to complete the plaintiff's response to the summary judgment motions until June 24. The defendants opposed the plaintiff's second emergency motion, but I granted it.

In granting the second motion, I warned the plaintiff that I would not grant the plaintiff any further extensions for any reason, and that if she failed to file her response to the motions for summary judgment by June 24, I would treat the motions as unopposed,

would grant them, and would dismiss the case with prejudice. Despite this warning, on June 24, the plaintiff filed a third motion for an extension of time to respond to the defendants' motions for summary judgment. In this motion, plaintiff's counsel states that the plaintiff "has ordered her counsel to cease all work on her response to Defendants' Motions for Summary Judgment until she can meet with us." Counsel states that she anticipates that her client may terminate the representation, but that counsel is unsure whether this is the plaintiff's intent. Counsel cites no authority and develops no argument supporting her implied assertion that a client's ordering her counsel to cease work on a response to a motion is good cause for an extension of time. See Fed. R. Civ. P. 6(b)(1).

The plaintiff has delayed this case long enough. The original scheduling order set a discovery deadline of December 31, 2013, and a dispositive motion deadline of January 31, 2014. At the plaintiff's request, these deadlines were extended by two months. When the defendants timely filed their dispositive motions, the plaintiff asked to extend her time to respond to the motions by 30 days. I granted that request. When the additional 30 days expired, the plaintiff requested an additional 15 days. I granted that request and warned that no further extensions would be granted. Now that the additional 15 days has expired, plaintiff asks for an additional 17 days. Because the reason for this latest request appears to be that the plaintiff wants to terminate her attorney, it is nearly certain that if I grant the request for a 17-day extension the plaintiff will then ask for even more time to respond to the defendants' motions for summary judgment. Moreover, the plaintiff lacks good cause for a further extension. I warned the plaintiff that her failure to file a response by June 24 would result in dismissal of this case, and yet the plaintiff chose, for reasons that are unknown, to order her counsel to cease working on the response. Accordingly, the

2

plaintiff's most recent request for an extension will be denied. I will treat the defendants' motions for summary judgment as unopposed and will grant them. See Civil Local Rule 7(d) (E.D. Wis. 2010) (failure to file response to motion is sufficient cause to grant the motion).

For the reasons stated, **IT IS ORDERED** that plaintiff's third emergency motion for an extension of time to respond to defendants' motions for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motions for summary judgment are **GRANTED**. The Clerk of Court shall enter final judgment dismissing this action with prejudice.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge